IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT E. EASLEY,  CASE NO. 2:10-CV-735
 JUDGE JAMES L. GRAHAM
    Petitioner,  MAGISTRATE JUDGE E.A. PRESTON DEAVERS

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant Petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant's convictions arise out of two separate robberies in the German Village area of Columbus, Ohio. On December 31, 2007, a short, stocky African-American male grabbed 73-year-old Mary Bishop's purse as she walked down Berger Avenue on her way to a church to help make lunch for homeless persons. As she neared the intersection of Berger and Lazelle Street, a car turned onto Berger from Lazelle. Moving slowly, the car's bumper "kind of hit" Bishop's leg. (May 15, 2008 Tr. 96.) The car's driver then got out and reached for Bishop's purse. She yelled and hit the man with her purse, but he knocked her down and took the purse from her.
>
> After the man left, another car stopped and assisted Bishop. Police were called, and Bishop gave them a physical description of the man. She also described the involved vehicle as a blue car that might have had a luggage rack. Bishop suffered a "great big knot" on her head

from hitting the ground. (Tr. 98.)

Five days later Detective Thomas Clark showed Bishop a photo array, but she was not able to identify anyone. During a follow-up several days later, Bishop was able to pick defendant from a photo array. Defendant's photograph in the second photo array was more recent; the photograph in the first array was taken more than five years earlier. At trial, Bishop also was able to identify defendant, stating she was "very sure" he was the man who robbed her. (Tr. 108.)

While Clark was investigating Bishop's robbery, Detective Stevie Billups was looking into a second robbery that occurred on January 5, 2008, five blocks south of the spot where Bishop was robbed. On that date, Julie Maclellan was sitting outside the Mohawk restaurant after running errands all morning. She and her son's girlfriend, Danielle Fientes, were smoking cigarettes and waiting for the restaurant to open for lunch. A man walked up to the two women, asked them what time the restaurant opened, and then grabbed Maclellan's purse. As he ran away, Maclellan pursued him. The man got into a nearby car, but before he could close the car door, Maclellan dove into the car in an attempt to retrieve her purse.

Although Maclellan's upper body was inside the car, her legs hung outside the still-open car door. As the man drove away, the car collided with a parked vehicle, and the open car door repeatedly hit Maclellan while the car slipped on the slushy road. Once the car gained traction, Maclellan flew out of the vehicle and hit a raised curb, losing a front tooth and suffering severe bruising over her body. Despite her efforts, she was unable to recover her purse.

When police responded to the scene, Maclellan provided them a description of the man and of the vehicle, which she described as a teal green Chevy. Fientes corroborated the information, specifying the vehicle was a Chevy Cavalier. As a previous Cavalier driver, Fientes was very familiar with the model and, based on the shape of the car, believed it was built sometime before 1998. Fientes also saw the car's license plate and remembered "ECE or ECY" and the numbers 7 and 9 on the plate. (Tr. 213.) Police later encountered a bluish-green Cavalier at defendant's residence, registered to his girlfriend, with the license plate "ECE 2637." After viewing pictures of the car, Maclellan and Fientes testified it was the same vehicle the robber used to escape.

During the investigation into both robberies, police found that credit

cards stolen from each victim were used at the same clothing store. The store's surveillance cameras recorded defendant shopping in the store, and the store manager was able to match the purchases defendant or his companions made with the stolen credit cards. The store's assistant manager testified at trial that she assisted defendant while shopping, and both of the store's employees were able to identify defendant from photo arrays.

Defendant was indicted on two counts of robbery as a second-degree felony, two counts of robbery as a third-degree felony, one count of receiving stolen property, and one count of felonious assault. Following *State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624, defendant was re-arraigned on the robbery counts so that the required mental element of recklessness could be added. At trial, the jury convicted defendant of the robberies of both Bishop and Maclellan as second-degree felonies, the robbery of Bishop as a third-degree felony, and receiving stolen property through the use of Maclellan's credit cards. He was acquitted of the other robbery and the felonious assault of Maclellan.

After receiving a presentence investigation of defendant, the trial court sentenced defendant to eight years on each of the robbery convictions as second-degree felonies, and one year on the receiving stolen property conviction, merging the robbery conviction as a third-degree felony with one of the second-degree felony robbery convictions. The trial court ordered all three sentences to be served consecutively, for a total sentence of 17 years.

*State v. Easley,* No. 08AP-755, 08AP-756, 2009 WL 1804087, at *1-2 (Ohio App. 10th Dist. June 23, 2009). Petitioner filed a timely appeal in which he asserted the following assignments of error:

> I. BY ARTICULATING NO RATIONALE FOR IMPOSING A CONSECUTIVE SENTENCE, THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTIONS AS HE IS DEPRIVED OF EFFECTIVE AND MEANINGFUL APPELLATE REVIEW OF THE SENTENCE IMPOSED.
>
> II. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT

>                    SUPPORTED BY THE MANIFEST WEIGHT OF
>                    THE EVIDENCE.

*Id*. at *2. On June 23, 2009, the state appellate court affirmed the judgment of the trial court. *Id.*

On March 3, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v.*

*Easley,* 124 Ohio St.3d 1494 (2010).

Petitioner also pursued post conviction relief:

> On March 25, 2010, appellant filed a motion to correct a void sentence and a request for resentencing, arguing his sentences were void because the trial court failed to orally advise him at the sentencing hearing of the imposition of a mandatory three-year period of post-release control, in violation of R.C. 2929.14(F) and 2929.19(B)(3). On that same date, appellant also filed a motion to add the sentencing transcripts to his motion to correct his sentence. On April 30, 2010, the trial court denied appellant's motions, finding further review was barred by law and by res judicata, and also finding appellant had received proper notice of post-release control. Appellant now files this timely appeal and asserts three assignments of error for our review:
>
> ASSIGNMENT OF ERROR ONE
>
> THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS OF LAW, EQUAL PROTECTION OF LAW AND A FAIR TRIAL THAT IS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION WHEN IT DENIED DEFENDANT[']S MOTION TO CORRECT A VOID SENTENCE AND REQUEST FOR RE–SENTENCING WHEN THE ERROR IS CLEAR THROUGH THE RECORD
>
> ASSIGNMENT OF ERROR TWO
>
> THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS OF LAW, EQUAL PROTECTION OF LAW AND A FAIR TRIAL THAT IS GUARANTEED BY THE [UNITED STATES] AND OHIO CONSTITUTION WHEN IT DENIED APPELLANT[']S MOTION TO ADD TRANSCRIPTS TO THE APPELLANT[']S MOTION TO

CORRECT A VOID SENTENCE MOTION WHEN THE ERROR IS CLEAR THROUGH THE RECORD

ASSIGNMENT OF ERROR THREE

THE JUDGMENT ENTRY ERRONEOUSLY STATES THAT THE APPELLANT WAS ADVISED REGARDING POST RELEASE CONTROL

*State v. Easley*, Nos. 10AP-505, 10AP-506, 2011 WL 1988406, at *1-2 (Ohio App. 10th Dist. May 19, 2011). On May 19, 2011, the state appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file an appeal of the appellate court's decision to the Ohio Supreme Court.

On September 1, 2009, Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted that he had been denied effective assistance of appellate counsel because his attorney failed to raise on appeal the following claims:

> 1. The trial court committed reversible error and abused its discretion to the prejudice of the appellant, thus denying him his right to due process of law and a fundamentally fair trial contributing to prosecutorial misconduct and causing the trial court to lose subject matter jurisdiction to prosecute.
>
> 2. The jury verdict forms in this case [were] not sufficient to support convictions for two second degree robberies and a fifth degree receiving stolen property charges, pursuant to R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 412. . . .
>
> 3. The trial court committed reversible error and denied appellant his right to due process of law and contributed to prosecutorial and ineffective assistance of counsel when it allowed the state and defense counsel to violate Crim.R. 16.
>
> 4. The trial court denied the appellant his constitutional right to due process of law and a fair trial when it refused to instruct the jury regarding the inherent

5

> unreliability of eyewitness identification and including into its definition of force the presence of actual or potential harm to a person to help distinguish between theft and robbery when those particular instructions were properly requested by the defense and were appropriate and necessary under the facts of the case.

*See Exhibit 20 to Return of Writ.* On November 19, 2009, the appellate court denied Petitioner's Rule 26(B) application. *Id*. On March 3, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question. *Exhibit 26 to Return of Writ.*

On August 18, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Was Petitioner denied Due Process, Equal Protection of Law, a fair appeal and Effective Assistance of Appellate Counsel. . . .
>
> Appellate Counsel was Ineffective on Direct Appeal by Arguing sufficiency of the evidence for a charge that the petitioner was found not guilty of by a jury, Count Four (4) Robbery R.C. 2911.02(a)(3) (to wit: Maclellan). Instead of arguing that insufficient evidence existed to sustain convictions for the charges that the petitioner was actually found guilty of by the jury, Count One (1) Robbery R.C. 2911.02(a)(2), Count Two (2) Robbery R.C. 2911.02(a)(3) (To wit: Bishop), Count Three (3) Robbery R.C. 2911.02(a)(3) and Count Five (5) Receiving Stolen Property R.C. 2913.51 (To wit: Maclellan) and for failing to argue that insufficient evidence existed to prove identity of petitioner as the actual person who committed the crimes and insufficient evidence existed to prove every essential elements of the charges that the petitioner was convicted of.

2. Was Petitioner denied Due Process, Equal Protection of Law, a fair appeal and Effective Assistance of Appellate Counsel. . . .

   Petitioner was denied Due Process, Equal Protection of Law, A Fair Appeal and Effective Assistance of Appellate Counsel when Appellate Counsel failed to argue on direct appeal that petitioner's Jury Verdict Forms violated the mandates of R.C. 2945.75(a)(2) by not including the Degree of the offense of which the offender was found guilty of or that such additional element or elements are present. In order to support petitioner's sentence for the higher degree felon[ies] the Two (2) Second Degree Robber[ies] in violation of R.C. 2911.02(a)(2) (Count One (1) and Count Three (3)) and One (1) Fifth Degree Receiving Stolen Property (Count Five (5)) in violatin of R.C. 2913.51. Instead of being sentenced for the least degree of the offense charged. The least degree of the Two (2) Robber[ies] counts would be Theft the lesser included offense of Robbery of which the jury was instructed on being a Misdemeanor of the First Degree and the last Degree of the Receiving Stolen Property would be a Misdemeanor of the First Degree, since the Jury did not give a dollar amount or that it the item was received was a (credit card) on the Verdict Form in order to convict on the higher degree of the offense. By dropping petitioner's conviction to the least degree of the offenses charged this would reduce petitioner's sentence from Seventenn(17) years to Five Hundred Forty (540) Days, which would be Time Served for Petitioner.

3. Was the Petitioner denied Due Process, Equal protection of Law, and a Fair Appeal. . . .

   The Tenth District Court of Appeals abuse[d] its discretion and denied petitioner Due Process, Equal Protection of Law and a Fair Appeal when it failed to address the statutory violations presented by petitioner in his App.R. 26(B) Application to Reopen his appeal due to ineffective assistance of appellate counsel when the violation that the petitioner presented in his application are clear through the

> record.
>
> (1) The petitioner's Jury Verdict Forms for his Two (2) Second Degree Robber[ies] and One (1) Fifth Degree Receiving Stolen Property Charges violated the mandated of R.C. 2945.75(a)(2) by not including the degree of the offense of which the offender was convicted of or that an aggravating element or elements were present, to support a conviction for the higher degree of the offense charged.
>
> (2) The State and the Trial Court failed to dismiss the defective Robbery counts in Indictment 08CR330 pursuant to R.C. 2941.33 and Crim.R. 48(a), prior to the jury being impaneled and sworn in, thus allowing jeopardy to attach to the Re-indictment 08CR3067 causing the Trial Court to lose Subject Matter Jurisdiction to Prosecute on that indictment.
>
> (3) The State Failed to Elect which indictment it was going to proceed on at trial pursuant to R.C. 2945.32, because there [were] Two (2) Indictments pending for the same Robbery Charges in indictment 08CR330 and 08CR3067, plus there are Jury Verdict Forms Docketed with the Clerk of Courts for Robbery charges from both indictments.

It is the position of the Respondent that Petitioner's claims are procedurally defaulted, not cognizable in federal habeas corpus proceedings, or without merit.

## CLAIM ONE

### Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for

failure to exhaust state remedies. *Id.*; *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id.* "Cause" under this test "must be something *external* to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [] efforts to comply with the State's procedural rule."

9

*Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc,* 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In claim one, Petitioner asserts he was denied effective assistance of appellate counsel because his attorney argued on appeal that the evidence was constitutionally insufficient to sustain his conviction on Count Four of the Indictment, a robbery charge of which he was acquitted, rather than arguing that the evidence was constitutionally insufficient to sustain his charges of conviction. Petitioner failed to raise this claim, however, in Rule 26(B) proceedings. Further, he may now no longer do so, under Ohio's doctrine of *res judicata. See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's

reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson,* 501 U.S. 722, 732-33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348-351 (1984)); *see also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell,* 268 F.3d 417, 427-29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata,* to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner contends that he has properly preserved claim one for federal habeas corpus review by presenting the claim, in the first instance, in his Rule 26(B) appeal to the Ohio Supreme Court.

*See Traverse*. The Court is not persuaded by this argument. In Ohio, claims of ineffective assistance of appellate counsel may properly be raised under Ohio's Rule 26(B), or on direct appeal to the Ohio Supreme Court. *See State v. Murnahan,* 63 Ohio St.3d 60, 65 (1992), *superseded by rule as stated in State v. Davis,* 119 Ohio St.3d 442 (2008) (holding that *res judicata* did not bar consideration of a claim of ineffective assistance of appellate counsel in Rule 26(B) proceedings where, as here, that claim had not been adjudicated on the merits by the Ohio Supreme Court.) Here, because Petitioner failed to present his claim of ineffective assistance of appellate counsel to the Ohio Supreme Court on direct appeal or to the state appellate court in Rule 26(B) proceedings, he has waived this claim for federal habeas corpus review.[1]

---

[1] As noted by Respondent, the state appellate court nonetheless rejected Petitioner's claim that the evidence was constitutionally insufficient to sustain his conviction of robbing McClellon, as charged in Count 3 of the indictment against him:

> Defendant does not challenge his convictions for robbing Bishop, but questions whether sufficient evidence existed with regard to the element of force to support his conviction for robbing Maclellan. Defendant suggests no force was used in order to take Maclellan's purse; he simply snatched it off the bench on which it was sitting. While Maclellan suffered an injury when defendant was escaping, defendant argues the evidence clearly demonstrates he did not knowingly use force against her. Instead, defendant asserts, he panicked and lost control of his vehicle when Maclellan climbed partially into defendant's vehicle in an attempt to recover her purse. According to defendant, the car fishtailed on wet pavement and struck a parked vehicle, throwing Maclellan from the vehicle.
>
> Defendant was convicted of violating R.C. 2911.02 for robbing Maclellan. The statute, as relevant here, provides: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." In *Colon,* supra, at ¶ 14, the Ohio Supreme Court held "recklessly" was the culpable mental state required to commit a robbery offense pursuant to R.C. 2911.02(A)(2).
>
> R.C. 2901.22(C) provides that "[a] person acts recklessly when, with heedless indifference to the consequences," the person "perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." The statute further provides that "[a] person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
>
> As the state correctly points out, it was not required to prove force for defendant's conviction of robbery in violation of R.C. 2911.02. While the state was required to prove force under R.C.

12

Petitioner may still obtain review of his claims on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violations. Petitioner has failed to establish either cause for his procedural default or actual prejudice from the alleged constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). After review of the record, the Court does not deem this to be such a case.

## CLAIMS TWO AND THREE

In claim two, Petitioner asserts he was denied effective assistance of appellate counsel because his attorney failed to raise on appeal an issue regarding invalidity of the jury forms due to the failure to include the degree of the offenses charged. In claim three, Petitioner asserts that he was denied due process because the state appellate court refused to address in Rule 26(B) proceedings the issues of ineffective assistance of appellate counsel he raised based on his attorney's failure to challenge the verdict forms as invalid, and the prosecution's failure to elect the charges on which it would proceed.

---

2911.02(A)(3) for defendant's robbing Bishop, the Maclellan robbery charges required the state to prove, in addition to the theft, that defendant acted recklessly in inflicting or attempting to inflict serious physical harm on her.

If the evidence is viewed in the light most favorable to the prosecution, sufficient evidence supports defendant's conviction. Although defendant may have panicked when the victim of his purse-snatching attempted to retrieve her property, he knew Maclellan was halfway outside of the car when he chose to drive away with the driver side door ajar. Because, despite the obvious risk of serious injury to Maclellan, defendant continued to drive in an effort to complete the theft, a reasonable juror could conclude defendant acted recklessly in inflicting harm on Maclellan as part of the theft offense. Sufficient evidence supports defendant's conviction.

*State v. Easley*, 2009 WL 1804087, at *5-6.

The state appellate court addressed the issues raised by Petitioner as follows:

> [D]efendant contends appellate counsel should have assigned as error that the indictment in his case is improper. Defendant originally was indicted in case No. 08CR-01-330 on two counts of robbery as felonies of the second degree, two counts of robbery as felonies of the third degree, one count of receiving stolen property and one count of felonious assault. Subsequent to the Ohio Supreme court's decision in *State v. Colon*, 118 Ohio St.3d 28. . . the robbery counts were re-indicted under case No. 08CR-04-3067 to comply with the holding of that case. As a result, the second indictment properly reflects the appropriate mental element, the indictment is not void, and the trial court did not lose jurisdiction over those counts.
>
> Nor did the trial court, as defendant asserts, send all robbery counts from both indictments to the jury for a verdict. The judgment entry specifically states that Counts 1 and 2 of case No. 08CR-01-330, the two counts of robbery as second-degree felonies, as well as Counts 4 and 5 of case No. 08CR-01-330, the two counts of robbery as third-degree felonies, were not presented to the jury for consideration. Accordingly, defendant suffered no prejudice from the defectively indicted robbery counts in case No. 08CR-01-330 because they never were submitted to the jury.
>
> Finally, defendant contends the two case numbers should never have been consolidated or jointed. The consolidation occurred as a result of correcting the error in the indicted robbery counts of case No. 08CR-01-330. In the trial court, defendant argued that the two cases should not be joined. Defendant explained that, to the extent the grand jury no-billed the felonious assault and receiving stolen property counts by not including them in the second indictment, defendant could not be tried on those two counts. The prosecution clarified that the grand jury considered only the robbery counts in the second indictment, and nothing in the record supports defendant's speculation that any counts were no-billed in the second grand jury proceeding. Under those circumstances, defendant points to no error appellate counsel could have raised regarding the joinder of case Nos. 08CR-01-330 and 08CR-04-3067.
>
> \*\*\*
>
> Defendant next proposes that the verdict forms in this case fail to support his convictions. Defendant suggests he was sentenced for a second-degree robbery of Mary L. Bishop when the verdict form

14

> supports only a verdict for robbery as a third-degree felony. Defendant's contention is incorrect.
>
> The trial court's judgment entry states that the two counts of robbery as second-degree felonies in case No. 08CR-01-330, Count 1 relating to Bishop and Count 4 relating to Julie McClellan, were re-indicted in case No. 08CR-04-3067 as Counts 1 and 3, respectively. Similarly, the two counts of robbery as third-degree felonies in case No. 08CR-01-330, Count 2 as to Bishop and Count 5 as to McClellan, were re-indicted as Counts 2 and 4 respectively, in case No. 08CR-04-3067. Defendant attached to his materials jury verdict forms finding him (1) not guilty of robbery as a third-degree felony relating to McClellan under Count 4 of the indictment, (2) guilty of robbery as a third-degree felony as charged in Count 2 of the indictment involving Bishop, (3) guilty of robbery of McClellan as charged in Count 3 of the indictment, a felony of the second degree, (4) guilty of receiving stolen property, and (5) not guilty of felonious assault. Absent from his materials is any verdict on Count 1, the second-degree felony robbery charge involving Bishop, to support defendant's contentions.
>
> More significantly, the record contradicts defendant's contentions. When the jury returned its verdicts, the bailiff read in open court the various verdict forms. As pertinent here, the bailiff read: "We, the jury, upon our oaths and the law and evidence in this case, find the Defendant, Robert E. Easley, GUILTY of Robbery as charged in Count One of the indictment (involving Mary Bishop). Signed this 22 day of May, 2008, by each and every Juror." Correspondingly, the trial court's judgment entry states the jury returned a verdict on May 22, 2008 finding defendant guilty of Count 1 of the Indictment, robbery as a second-degree felony. Although defendant argues his trial counsel should have requested the jury be polled on its verdict in Count 1, counsel requested polling. The trial court agreed and appears simply to have overlooked Count1 in polling the jury on the guilty verdicts; defendant did not point out the omission to the court. The jury confirmed its verdicts on all the other guilty findings, and nothing in the record indicates polling on Count 1 probably would produce a different result.

*Exhibit 20 to Return of Writ*.

Moreover, Petitioner asserts that his attorney performed in a constitutionally ineffective manner by failing to raise on appeal a claim that the verdict forms signed by the jury support only

15

convictions for third-degree burglary and a fifth degree felony in view of the Ohio Supreme Court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422 (2007). As summarized by the United States Court of Appeals for the Northern District of Ohio:

> In *Pelfrey,* the defendant was indicted for tampering with records in violation of O.R.C. 2913.42. Tampering with records is a misdemeanor absent a finding that the tampering involved government records– which would elevate the offense to a third-degree felony pursuant to O.R.C. 2913.42(b)(4). The jury found the defendant guilty, and the trial court imposed a sentence for a third-degree felony. Neither the verdict form nor the trial court's verdict entry stated the degree of the offense or a jury finding that the tampered records were government records. Under O.R.C. 2945.75(a) (2), "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Based on O.R.C. 2945.75(a)(2), the *Pelfrey* court held that the defendant could only be convicted of the least degree of the offense under O.R.C. 2913.42, a misdemeanor.

*Love v. Bradshaw,* No. 1:09-CV-2703, 2010 WL 4818250, at *3 (N.D. Ohio Nov. 19, 2010). Petitioner, however, was charged with two counts of second degree robbery under O.R.C. § 2911.02(A)(2), which provides:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> * * *
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> ***
>
> (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third

16

> degree.
> (C) As used in this section:
>
> (2) "Theft offense" has the same meaning as in section 2913.01 of the Revised Code.

*See Exhibit 2 to Return of Writ.* The indictment plainly tracked the language of the statute charged. The verdict forms indicate the jury found Petitioner guilty of robbery, as charged in counts two and three of the indictment. *Exhibit 6 to Return of Writ*. Unlike the statute at issue in *Pelfrey,* this charge contains the degree of the offense charged in the language of the statute, and does not require any additional findings to enhance the level of the offense.

Similarly, Petitioner was charged with receiving stolen property, in violation of § 2913.51, which provides in relevant part:

> (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
>
> (B) It is not a defense to a charge of receiving stolen property in violation of this section that the property was obtained by means other than through the commission of a theft offense if the property was explicitly represented to the accused person as being obtained through the commission of a theft offense.
>
> (C) Whoever violates this section is guilty of receiving stolen property. . . . [I]f the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree.

O.R.C. § 2913.71 provides:

> Regardless of the value of the property involved and regardless of whether the offender previously has been convicted of a theft offense, a violation of . . . section 2913.51 of the Revised Code is a felony of the fifth degree if the property involved is any of the following:
>
> (A) A credit card[.]

Again, the indictment tracked the language of the statute, and the verdict form referred to the charge alleged.[2] Because the statutes under which Petitioner was convicted define the degree of the offense charged, the verdict forms complied with *Pelfrey* without including any additional language or the degree of the offense charged. *See State v. Kepiro*, No. 09AP-19, 2009 WL 2872979 (Ohio App. 10th Dist. Sept. 8, 2009) (same); *State v. Crosky*, No. 06AP-655, 2008 WL 169346 (Ohio App. 10th Dist. Jan. 17, 2008) (same). Therefore, Petitioner cannot establish the ineffective assistance of appellate counsel for failing to raise this issue on appeal.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court

---

[2] After Petitioner was re-indicted, the charge for receiving stolen property was changed from count three to count five of the indictment, and the verdict form so reflected. *See Exhibit 6 to Return of Writ.*

adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 **s/ *Elizabeth A. Preston Deavers***
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

**Date:  April 30, 2012**